BNDDUTY

# U.S. District Court
## Southern District of Florida (Miami)
## CRIMINAL DOCKET FOR CASE #: <u>1:22−mj−03140−AOR</u>−1

| | |
|---|---|
| Case title: USA v. Aksoy | Date Filed: 06/30/2022 |
| | Date Terminated: 07/08/2022 |

Assigned to: Magistrate Judge Alicia M. Otazo−Reyes

**Defendant (1)**

| | | |
|---|---|---|
| **Onur Aksoy**<br>07569−506<br>*YOB 1983 ENGLISH*<br>*TERMINATED: 07/08/2022*<br>*also known as*<br>Ron Aksoy<br>*TERMINATED: 07/08/2022* | represented by | **Celeste Siblesz Higgins**<br>The Higgins Law Firm, LLC<br>FL<br>201 Alhambra Circle<br>Suite 1050<br>Coral Gables, FL 33134<br>786−643−8263<br>Email: celeste@chigginslaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| WARR/COMPLAINT/DIST/NJ/MAIL FRAUD | |

**Plaintiff**

**USA** represented by **Noticing AUSA CR TP/SR**
Email: Usafls.transferprob@usdoj.gov
LEAD ATTORNEY
ATTORNEY TO BE NOTICED
*Designation: Retained*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 06/30/2022 | 1 | | Magistrate Removal of Complaint from District of New Jersey Case number in the other District 22−9260 as to Onur Aksoy (1). (dgj) (Entered: 07/01/2022) |
| 06/30/2022 | 2 | | Order to Unseal as to Onur Aksoy Signed by Magistrate Judge Alicia M. Otazo−Reyes on 6/30/2022. (dgj) (Entered: 07/01/2022) |
| 06/30/2022 | 3 | | Minute Order for proceedings held before Magistrate Judge Alicia M. Otazo−Reyes: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Onur Aksoy held on 6/30/2022. Case unsealed. Date of Arrest or Surrender: 6/29/22. ( Detention Hearing set for 7/5/2022 10:00 AM in Miami Division before MIA Duty Magistrate., Removal Hearing set for 7/5/2022 10:00 AM in Miami Division before MIA Duty Magistrate., Report Re: Counsel Hearing set for 7/5/2022 10:00 AM in Miami Division before MIA Duty Magistrate.). Attorney added: Celeste Siblesz Higgins for Onur Aksoy (Digital Zoom_AOR_6−30−22_2:10pm & 2:27pm)<br><br>It is ORDERED AND ADJUDGED that pursuant to the Due Process Protections Act, the Court confirms the United States obligation to disclose to the defendant all exculpatory evidence− that is, evidence that favors the defendant or casts doubt on the United States case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so. The government has a duty to disclose any evidence that goes to negating the defendants guilt, the credibility of a witness, or that would reduce a potential sentence. The defendant is entitled to this information without a request. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court. Signed by Magistrate Judge Alicia M. Otazo−Reyes on 6/30/2022. (dgj) Modified on 7/1/2022 (dgj). (Entered: 07/01/2022) |
| 07/01/2022 | 4 | | NOTICE OF ATTORNEY APPEARANCE: Celeste Siblesz Higgins appearing for Onur Aksoy *Limited to Southern District of Florida* (Higgins, Celeste) (Entered: 07/01/2022) |
| 07/05/2022 | 5 | | Minute Entry for proceedings held before Magistrate Judge Chris M. McAliley: Detention Hearing as to Onur Aksoy held on 7/5/2022. Witness SA Floyd Martinez testified. ( Bond Hearing set for 7/8/2022 10:00 AM in Miami Division before MIA Duty Magistrate.) Deft waived removal. Waiver executed in open court. Deft to remain in custody until hrg on 7/8/22. (Digital 12:23:14/13:50:54) (dgj) (Main Document 5 replaced on 7/6/2022) (dgj). (Entered: 07/06/2022) |
| 07/05/2022 | 6 | | WAIVER of Rule 5(c)(3)/Rule 40 Hearing by Onur Aksoy (dgj) (Entered: 07/06/2022) |
| 07/08/2022 | 7 | | Minute Entry for proceedings held before Magistrate Judge Chris M. McAliley: Bond Hearing as to Onur Aksoy held on 7/8/2022. Bond recommendation/set: |

|  |  |  | |
|---|---|---|---|
|  |  |  | Onur Aksoy (1) STIP PTD WITH RIGHT TO REVISIT. Detention hearing commenced on 7/5/2022. Defendant ordered removed. Order removed on 7/5/2022. (Digital 11:57:29) (at) (Entered: 07/11/2022) |
| 07/08/2022 | 8 |  | COMMITMENT TO ANOTHER DISTRICT as to Onur Aksoy. Defendant committed to DISTRICT OF NEW JERSEY.. Closing Case for Defendant. (Signed by Magistrate Judge Chris M. McAliley on 7/8/2022). *(See attached document for full details).* (at) (Entered: 07/11/2022) |

Case 1:22-mj-03140-AOR Document 9 Entered on FLSD Docket 07/12/2022 Page 4 of 18
Case 2:22-mj-09260-CLW Document 1 Filed 06/30/22 Page 2 of 8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

FILED BY ___jbs___ D.C.
Jun 30, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - mia

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Honorable Cathy L. Waldor |
| | : | |
| v. | : | Mag. No. 22-9260 |
| | : | |
| ONUR AKSOY | : | **FILED UNDER SEAL** |
| a/k/a "Ron Aksoy" | : | |
| | : | **Case# 22-MJ-3140-OTAZO-REYES** |

### SEALING ORDER

Upon application of the United States (by Andrew M. Trombly, Assistant United States Attorney, appearing) for an order sealing the Complaint, arrest warrant, and all supporting papers in the above-captioned matter, and good and sufficient cause having been shown,

IT IS on this 29th day of June 2022,

ORDERED that the Complaint and all supporting papers in the above-captioned matter be sealed, except for such copies of the arrest warrant, Complaint, or supporting papers, if any, that are needed to effectuate its purpose, until the arrest warrant is executed or until further order of the Court.

IT IS FURTHER ORDERED that, once the arrest warrant is executed, the Complaint, arrest warrant, and this Order be and are hereby unsealed.

                                           */s/ Cathy L. Waldor/AMT*
                                           HONORABLE CATHY L. WALDOR
                                           U.S. MAGISTRATE JUDGE

Case# 22-MJ-3140-OTAZO-REYES

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **CRIMINAL COMPLAINT** |
| | : | |
| v. | : | Honorable Cathy L. Waldor |
| | : | |
| ONUR AKSOY | : | Mag. No. 22-9260 |
| a/k/a "Ron Aksoy" | : | |
| | : | **FILED UNDER SEAL** |

I, Brent Rogan, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations, and that this complaint is based on the following facts:

### SEE ATTACHMENT B

/s/ *Brent Rogan/AMT*
_____
Brent Rogan, Special Agent
U.S. Department of Homeland Security
Homeland Security Investigations
*Special Agent Brent Rogan attested to this Affidavit by telephone pursuant to FRCP 4.1(b)(2)(A).*

Sworn to before me telephonically
on June 29, 2022

Honorable Cathy L. Waldor
United States Magistrate Judge

/s/ *Cathy L. Waldor/AMT*
_____
Signature of Judicial Officer

1

### ATTACHMENT A

### COUNTS 1-3
### (Mail Fraud)

From at least as early as in or about August 2013 through at least as recently as in or about April 2022, in the District of New Jersey and elsewhere, the defendant,

**ONUR AKSOY**
a/k/a "Ron Aksoy,"

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud victims of money and property, and on or about the dates listed below, in Monmouth County, in the District of New Jersey, and elsewhere, for the purpose of executing and attempting to execute this scheme and artifice to defraud, did knowingly cause to be delivered by private and commercial interstate carriers according to the direction thereon the shipments listed below, each shipment constituting a separate Count of this Complaint:

| Count | Approximate Date Shipment Received | City and State Shipment Received | Carrier | Contents of Shipment |
|---|---|---|---|---|
| 1 | February 2, 2018 | Red Bank, New Jersey | UPS | (1) counterfeit Cisco switch with part number WS-2960S-48FPD-L with counterfeit Cisco labels |
| 2 | February 2, 2018 | Red Bank, New Jersey | UPS | (1) counterfeit Cisco switch with part number WS-C2960X-48FPS-L with counterfeit Cisco labels |
| 3 | December 18, 2019 | Red Bank, New Jersey | UPS | (1) counterfeit Cisco switch with part number WS-C2960S-48FPD-L with counterfeit Cisco labels |

In violation of Title 18, United States Code, Section 1341.

2

**ATTACHMENT B**

I, Brent Rogan, am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and photographs of the evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

**Background**

1. At times relevant to this Complaint:

    a. The defendant, ONUR AKSOY, also known as "Ron Aksoy" ("AKSOY"), was a New Jersey resident from at least as early as in or about 2013 through in or about August 2016. AKSOY has been a Florida resident since in or about August 2016.

    b. AKSOY created, owned, and controlled "Pro Network," a criminal operation that purported to be in the business of selling genuine, high-quality computer networking equipment. AKSOY variously described himself as "President," "CEO," and "Founder" of Pro Network.

    c. AKSOY operated Pro Network through a multitude of business entities and merchant and trade names under his full ownership and control.

    d. Cisco Systems, Inc. ("Cisco") was a multinational corporation headquartered in San Jose, California that designed, manufactured, and sold computer networking equipment.

**Overview of the Scheme**

2. An investigation conducted by HSI, General Services Administration-Office of Inspector General ("GSA-OIG"), the Defense Criminal Investigative Service ("DCIS"), the Naval Criminal Investigative Service ("NCIS"), and U.S. Customs and Border Protection ("CBP") has shown that AKSOY has, from at least as early as in or about August 2013 through at least as recently as in or about April 2022, orchestrated a massive and fraudulent operation to traffic in counterfeit goods. During this period, AKSOY schemed with others to import from suppliers in China and Hong Kong counterfeit, low-quality computer networking devices made to appear like new and genuine devices manufactured by Cisco and to resell those devices in the United States and around the world, falsely representing those devices to buyers as new and genuine Cisco products.

3

During the scheme, AKSOY and his coconspirators imported and resold tens of thousands of counterfeit, low-quality Cisco devices, new and genuine versions of which carried a total retail value in the hundreds of millions of dollars.

3. Emails and other Pro Network business records obtained from this investigation show that beginning at least as early as in or about 2014, AKSOY would regularly purchase large quantities of counterfeit Cisco products from various illicit suppliers of counterfeit Cisco products based in China and Hong Kong (the "Counterfeit Suppliers"), causing those products to be shipped from China and Hong Kong to the United States. These products were typically accompanied by counterfeit Cisco labels, stickers, boxes, documentation, and/or packaging and were made to appear like new and genuine computer networking equipment manufactured and authorized by Cisco—even though they were not. The counterfeit Cisco products suffered from numerous and significant performance, functionality, and safety problems. At times, the counterfeit products would simply fail or otherwise malfunction, causing substantial damage to their users' networks and operations and, in some cases, costing their users tens of thousands of dollars.

4. Emails and other Pro Network business records obtained from this investigation show that AKSOY and his subordinates at Pro Network would purchase counterfeit Cisco products from the Counterfeit Suppliers for as much as approximately 95 to 98 percent off of Cisco's manufacturer's suggested retail price ("MSRP"), far below the prices offered for genuine Cisco products by authorized Cisco resellers.

5. Investigation has revealed that AKSOY and the Counterfeit Suppliers would take a variety of measures to evade detection by CBP of the counterfeit Cisco products they were importing into the United States. For example, AKSOY and the Counterfeit Suppliers would routinely break up large orders of counterfeit Cisco products into multiple smaller shipments dispatched on different days and ship counterfeit Cisco products to undeliverable addresses, changing those shipments' final shipping addresses to Pro Network's headquarters only after they had cleared inspection by CBP.

6. Bank records reviewed by law enforcement show that AKSOY would wire payment for the counterfeit Cisco products to the Counterfeit Suppliers' overseas bank accounts from U.S. bank accounts under his ownership and control. In all, AKSOY wired at least approximately $55 million to Counterfeit Supplier bank accounts.

7. AKSOY and his Pro Network subordinates would then sell these counterfeit Cisco products through a variety of channels, including Amazon, eBay, and direct sales. AKSOY and his Pro Network subordinates and co-schemers would falsely represent these counterfeit Cisco products on these channels as genuine, new, and factory-sealed Cisco products. End users of these

counterfeit devices included hospitals, schools, government agencies, and the military.

8. Based on, among other things, bank and Pro Network business records reviewed by law enforcement, in all, AKSOY generated at least approximately $100 million in gross revenue through the sale of counterfeit Cisco products during the scheme.

9. AKSOY received frequent notifications throughout the scheme that the purported Cisco products he was purchasing and reselling were counterfeits. For example:

   a. Between in or about February 2014 and in or about April 2022, CBP officials seized approximately 180 shipments of counterfeit Cisco products, comprising approximately 860 counterfeit devices, from numerous Counterfeit Suppliers to AKSOY and various Pro Network entities. The total MSRP of genuine versions of these seized counterfeit Cisco products exceeded $5 million.

   b. Between in or about June 2014 and in or about August 2019, Cisco sent at least seven cease-and-desist letters to AKSOY and various Pro Network entities demanding that they stop trafficking in counterfeit Cisco products.

   c. Emails, business records, and other evidence reviewed by law enforcement show that AKSOY also received numerous complaints from Pro Network's customers, in some cases from end users who purchased directly from Pro Network entities and in other cases from resellers who purchased from Pro Network entities, often passing on complaints they had received from the end users. Customers and resellers complained that the devices they had obtained from Pro Network were counterfeit, substandard, used, or broken; had missing parts; did not work; were either not covered or were not eligible for Cisco technical support coverage; and in some instances had caused significant damage to these customers' networks and operations.

   d. Amazon routinely terminated specific product listings for purported Cisco products on Amazon storefronts under the control of AKSOY and Pro Network, and even entire storefronts, in response to counterfeit complaints from customers and Cisco.

10. Despite these and other notifications, AKSOY continued purchasing and reselling counterfeit Cisco products from the same Counterfeit Suppliers throughout the scheme.

5

### The July 2021 Search

11. During the execution of a search warrant at Pro Network's warehouse and headquarters in Doral, Florida on or about July 21, 2021, law enforcement discovered and seized approximately 1,156 purported Cisco devices that were determined through subsequent analysis to be counterfeit Cisco products. The total MSRP of these seized counterfeit Cisco products was approximately $7,011,296.

### The Charged Counterfeit Products

12. On or about the following dates, undercover members of law enforcement purchased and received shipment of the following purported Cisco products from Pro Network. Pro Network represented that each of these purported Cisco products was a new and genuine Cisco computer networking device but they were later found, upon further analysis, (i) to be a counterfeit Cisco product and (ii) to be accompanied by counterfeit Cisco labels, stickers, boxes, documentation, and/or packaging intended to make the counterfeit device appear like a new and genuine Cisco device.

| Count | Approximate Date Shipment Received | City and State Shipment Received | Carrier | Contents of Shipment |
|---|---|---|---|---|
| 1 | February 2, 2018 | Red Bank, New Jersey | UPS | (1) counterfeit Cisco switch with part number WS-2960S-48FPD-L with counterfeit Cisco labels |
| 2 | February 2, 2018 | Red Bank, New Jersey | UPS | (1) counterfeit Cisco switch with part number WS-C2960X-48FPS-L with counterfeit Cisco labels |
| 3 | December 18, 2019 | Red Bank, New Jersey | UPS | (1) counterfeit Cisco switch with part number WS-C2960S-48FPD-L with counterfeit Cisco labels |

6

Case 1:22-mj-03140-AOR Document 1 Entered on FLSD Docket 07/11/2022 Page 11 of 18
Case 2:22-mj-13140-CLW Document 9 Filed 06/30/22 Page 2 of 8

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the

District of New Jersey

| United States of America | ) |
| v. | ) |
| ONUR AKSOY | ) Case No. 22-9260 |
| a/k/a "Ron Aksoy" | ) |
|  | ) |
|  | ) |
| *Defendant* | ) |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* ONUR AKSOY,
who is accused of an offense or violation based on the following document filed with the court:

❏ Indictment  ❏ Superseding Indictment  ❏ Information  ❏ Superseding Information  ☑ Complaint
❏ Probation Violation Petition  ❏ Supervised Release Violation Petition  ❏ Violation Notice  ❏ Order of the Court

This offense is briefly described as follows:

18 USC s. 1341 (mail fraud)

Date: 06/29/2022

/s/ Cathy L. Waldor/AMT
*Issuing officer's signature*

City and state: Newark, New Jersey

Hon. Cathy L. Waldor, U.S. Magistrate Judge
*Printed name and title*

---

**Return**

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

_____
*Arresting officer's signature*

_____
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 22-MJ-3140-OTAZO-REYES(SEALED)

UNITED STATES OF AMERICA,
    Plaintiff,

V.

Onur Aksoy,
    Defendant(s).
_____/

## ORDER

**THIS CAUSE** came before the Court and pursuant to proceedings it is thereupon, PURSUANT TO THE ARREST OF THE ABOVE NAMED DEFENDANT, THIS CASE IS HEREBY UNSEALED.

**DONE AND ORDERED** at Miami, Florida.

Dated: 6/30/2022

_____
**Alicia M. Otazo-Reyes**
**UNITED STATES MAGISTRATE JUDGE**

# MINUTE ORDER

Page 2

## Magistrate Judge Alicia M. Otazo-Reyes

Atkins Building Courthouse - 10th Floor     Date: 6/30/2022     Time: 2:00 p.m.

Defendant: Onur Aksoy     J#: 07569-506     Case #: 22-MJ-3140-OTAZO-REYES(SEALED)
AUSA: Mary Calderon     Attorney: Celeste Siblesz Higgins -temp
Violation: WARR/COMPLAINT/DISTRICT OF NJ/TRAFFICKING COUNTERFEIT GOODS     Surr/Arrest Date: 6/29/2022     YOB: 1983

Proceeding: Initial Appearance     CJA Appt:
Bond/PTD Held: ☐ Yes ☑ No     Recommended Bond: PTD
Bond Set at: Temporary PTD     Co-signed by:

- ☐ Surrender and/or do not obtain passports/travel docs     Language: English
- ☐ Report to PTS as directed/or ___ x's a week/month by phone: ___ x's a week/month in person
- ☐ Random urine testing by Pretrial Services / Treatment as deemed necessary
- ☐ Refrain from excessive use of alcohol
- ☐ Participate in mental health assessment & treatment
- ☐ Maintain or seek full-time employment/education
- ☐ No contact with victims/witnesses, except through counsel
- ☐ No firearms
- ☐ Not to encumber property
- ☐ May not visit transportation establishments
- ☐ Home Confinement/Electronic Monitoring and/or Curfew ___ pm to ___ am, paid by ___
- ☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment
- ☐ Travel extended to: ___
- ☐ Other:

Disposition:
- Zoom consent
- Brady Order
- Rights
- Charges
- Case unsealed
- Defense counsel to file a temporary notice of appearance

Time from today to ___ excluded from Speedy Trial Clock

NEXT COURT APPEARANCE     Date:     Time:     Judge:     Place:
Report RE Counsel: 7/5
PTD/Bond Hearing: 7/5     10:00 a.m.     Duty     Miami
Prelim/Arraign or Removal: 7/5
Status Conference RE:

D.A.R. Zoom 6/30/22 2:10 p.m. + 2:27 p.m.     Time in Court: 8 min

s/Alicia M. Otazo-Reyes
Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-3140-OTAZO-REYES

UNITED STATES OF AMERICA,
    Plaintiff,
vs.

ONUR AKSOY,
    Defendant.
_____/

## LIMITED NOTICE OF APPEARANCE

Undersigned counsel hereby files her limited notice of appearance in the above matter for proceedings in the Southern District of Florida only.

    CELESTE SIBLESZ HIGGINS, ESQ.
    /s/ *Celeste Siblesz Higgins*
    Florida Bar No. 909718
    201 Alhambra Circle, Suite 1050
    Coral Gables, Florida 33134
    Tel: (786) 643-8263
    E-Mail: celeste@chigginslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2022, undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    /s/ *Celeste S. Higgins*

1

# COURT MINUTES

Page 23

## Magistrate Judge Chris M. McAliley

Atkins Building Courthouse - 6th Floor         Date: 7/5/2022    Time: 10:00 a.m.

Defendant: Onur Aksoy          J#: 07569-506    Case #: 22-MJ-3140-OTAZO REYES
AUSA: Shane Butland            Attorney: Celeste Siblesz Higgins (TEMP) ✓(PERM)
Violation: WARR/COMPLAINT/DIST/NJ/MAIL FRAUD
Proceeding: Removal/Detention/RRC            CJA Appt:
Bond/PTD Held: ☐ Yes  ☐ No    Recommended Bond: TEMP PTD
Bond Set at:                                 Co-signed by:

☐ Surrender and/or do not obtain passports/travel docs
☐ Report to PTS as directed/or ___ x's a week/month by phone: ___ x's a week/month in person
☐ Random urine testing by Pretrial Services ___ Treatment as deemed necessary
☐ Refrain from excessive use of alcohol
☐ Participate in mental health assessment & treatment
☐ Maintain or seek full-time employment/education
☐ No contact with victims/witnesses
☐ No firearms
☐ Not to encumber property
☐ May not visit transportation establishments
☐ Home Confinement/Electronic Monitoring and/or Curfew ___ pm to ___ am, paid by ___
☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment
☐ Travel extended to:
☐ Other:

Language: English

Disposition:
*Brady order was given
Def atty filed notice of Permanent appearance.
Detention Hearing held
S/A - Floyd Martinez (GSA) sworn and testified

Bond to be revisited on 7/8/22 10:00 Duty
Deft waived removal
waiver executed in open court.
Deft to remain in custody until hearing on 7/8

Time from today to ___ excluded from Speedy Trial Clock

NEXT COURT APPEARANCE  Date:    Time:    Judge:    Place:
Report RE Counsel:
PTD/Bond Hearing: 7/8/22  10:00  Duty
Prelim/Arraign or Removal:
Status Conference RE:
D.A.R. 12:23:14 ; 13:50:54              Time in Court: 1 hour 27 min

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No: 22-MJ-3140-OTAZO REYES

United States of America
    Plaintiff,
v.

Charging District's Case No. 22-9260

Onur Aksoy,
    Defendant.
_____/

## WAIVER OF RULE 5 & 5.1 REMOVAL/IDENTITY HEARINGS

I understand that I have been charged in another district, the **District of New Jersey.**

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;
(2) an identity hearing to determine whether I am the person named in the charges;
(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;
(4) a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;
(5) a hearing on any motion by the government for detention;
(6) request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my rights to: **(check those that apply)**

☐ An identity hearing and production of the warrant.

☐ A preliminary hearing.

☐ A detention hearing in the Southern District of Florida.

☒ An identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled to in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 7/5/2022

Defendant's Signature

Chris M. McAliley
United States Magistrate Judge

16

## COURT MINUTES

Page 10

## Magistrate Judge Chris M. McAliley

Atkins Building Courthouse - 6th Floor     Date: 7/8/2022    Time: 10:00 a.m.

Defendant: Onur Aksoy    J#: 07569-506    Case #: 22-MJ-3140-OTAZO-REYES

AUSA: Shane Butland    Attorney: Celeste Siblesz Higgins (CJA) *Andrea Lopez covering for*

Violation: WARR/COMPLAINT/DIST/NJ/MAIL FRAUD

Proceeding: Bond Hearing    CJA Appt:

Bond/PTD Held: ☐ Yes ☐ No    Recommended Bond: TEMP PTD

Bond Set at: STIP - PTD w/right to revisit    Co-signed by:

☐ Surrender and/or do not obtain passports/travel docs

☐ Report to PTS as directed/or ___ x's a week/month by phone: ___ x's a week/month in person

☐ Random urine testing by Pretrial Services ___ Treatment as deemed necessary

☐ Refrain from excessive use of alcohol

☐ Participate in mental health assessment & treatment

☐ Maintain or seek full-time employment/education

☐ No contact with victims/witnesses

☐ No firearms

☐ Not to encumber property

☐ May not visit transportation establishments

☐ Home Confinement/Electronic Monitoring and/or Curfew ___ pm to ___ am, paid by ___

☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment

☐ Travel extended to: ___

☐ Other: ___

Language: English

Disposition:
Brady Order given *Deft waived
Removal

Detention hearing commenced on 7/5/22. Parties now agree to STIP to a PTO w/ right to revisit in New Jersey.

Defendant ordered removed. Order Removed on 7/5/22.

Time from today to ___ excluded from Speedy Trial Clock

NEXT COURT APPEARANCE    Date:    Time:    Judge:    Place:

Report RE Counsel:
PTD/Bond Hearing:
Prelim/Arraign or Removal:
Status Conference RE:

D.A.R. 11:51:29     Time in Court: 6 minutes.

# United States District Court
# Southern District of Florida
Case No. 22-MJ-3140-OTAZO-REYES

UNITED STATES OF AMERICA,

v.

Charging District's Case No. 22-MJ-9260

Onur Aksoy,
(USM# 07569-506)
_____/

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the District of New Jersey. ___Andrea Lopez covering for___ Celeste Siblesz Higgins (CJA) **was appointed to represent Defendant for proceedings in this District.**

The defendant remains in custody after the initial appearance in the Southern District of Florida.

**IT IS ORDERED** that the United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant. The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The clerk of this district must promptly transmit the papers and any bail to the charging district.

**DONE AND ORDERED** at Miami, Florida on 7/8/2022.

Chris M. McAliley
United States Magistrate Judge